IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADLEY MEIER,

          Petitioner,                    No. 2: 09-cv-0551 KJN P

   vs.

JOHN W. HAVILAND,

          Respondent.           ORDER

_____/

I.  Introduction

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Both petitioner and respondent have consented to the jurisdiction of the undersigned.

        This action is proceeding on the original petition filed February 26, 2009. Petitioner challenges his 2006 conviction for three counts of possession of a controlled substance (Cal. Health & Safety Code § 11377(a)), one count of display of an altered license plate tag (Cal. Vehicle Code § 4462.5), and one count of being under the influence of a controlled substance (Cal. Health and Safety Code § 1150(a)).  Petitioner's sentence was enhanced by his prior conviction for a serious or violent felony (Cal. Penal Code §§ 667(b)-(I), 1170.12) and his commission of two felony offenses while on bail (Cal. Penal Code § 12022.1).  Petitioner is

1  serving a sentence of nine years and four months.

2         The petition raises three claims: 1) breach of plea agreement; 2) ineffective

3  assistance of counsel; and 3) ineffective assistance of appellate counsel.  After carefully

4  reviewing the record, the undersigned orders the petition denied.

5  II.  Anti-Terrorism and Effective Death Penalty Act ("AEDPA")

6         In Williams (Terry) v. Taylor, 529 U.S. 362 (2000), the Supreme Court defined

7  the operative review standard set forth in § 2254(d).  Justice O'Connor's opinion for Section II of

8  the opinion constitutes the majority opinion of the court.  There is a dichotomy between

9  "contrary to" clearly established law as enunciated by the Supreme Court, and an "unreasonable

10  application of" that law.  Id. at 405.  "Contrary to" clearly established law applies to two

11  situations:  (1) where the state court legal conclusion is opposite that of the Supreme Court on a

12  point of law; or (2) if the state court case is materially indistinguishable from a Supreme Court

13  case, i.e., on point factually, yet the legal result is opposite.

14         "Unreasonable application" of established law, on the other hand, applies to

15  mixed questions of law and fact, that is, the application of law to fact where there are no factually

16  on point Supreme Court cases which mandate the result for the precise factual scenario at issue.

17  Id. at 407-08.  It is this prong of the AEDPA standard of review which directs deference to be

18  paid to state court decisions.  While the deference is not blindly automatic, "the most important

19  point is that an unreasonable application of federal law is different from an incorrect application

20  of law. . . .[A] federal habeas court may not issue the writ simply because that court concludes in

21  its independent judgment that the relevant state-court decision applied clearly established federal

22  law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 410-

23  11 (emphasis in original).  The habeas corpus petitioner bears the burden of demonstrating the

24  objectively unreasonable nature of the state court decision in light of controlling Supreme Court

25  authority.  Woodford v. Viscotti, 537 U.S. 19 (2002).

26  ////

1         "Clearly established" law is law that has been "squarely addressed" by the United

2 States Supreme Court. <u>Wright v. Van Patten</u>, 552 U.S. 120 (2008).  Thus, extrapolations of

3 settled law to unique situations will not qualify as clearly established.  <u>See</u> <u>e.g.</u>, <u>Carey v.</u>

4 <u>Musladin</u>, 549 U.S. 70, 76 (2006) (established law not permitting state sponsored practices to

5 inject bias into a criminal proceeding by compelling a defendant to wear prison clothing or by

6 unnecessary showing of uniformed guards does not qualify as clearly established law when

7 spectators' conduct is the alleged cause of bias injection).

8         The state courts need not have cited to federal authority, or even have indicated

9 awareness of federal authority, in arriving at their decision.  <u>Early v. Packer</u>, 537 U.S. 3 (2002).

10 Nevertheless, a state decision cannot be rejected unless the decision itself is contrary to, or an

11 unreasonable application of, established Supreme Court authority.  <u>Id</u>.  An unreasonable error is

12 one in excess of even a reviewing court's perception that "clear error" has occurred.  <u>Lockyer v.</u>

13 <u>Andrade</u>, 538 U.S. 63, 75-76 (2003).  Moreover, the established Supreme Court authority

14 reviewed must be a pronouncement on constitutional principles, or other controlling federal law,

15 as opposed to a pronouncement of statutes or rules binding only on federal courts.  <u>Early v.</u>

16 <u>Packer</u>, 537 U.S. at 9.

17         However, where the state courts have not addressed the constitutional issue in

18 dispute in any reasoned opinion, the federal court will independently review the record in

19 adjudication of that issue.  "Independent review of the record is not de novo review of the

20 constitutional issue, but rather, the only method by which we can determine whether a silent state

21 court decision is objectively unreasonable."  <u>Himes v. Thompson</u>, 336 F.3d 848, 853 (9th Cir.

22 2003).

23         When reviewing a state court's summary denial of a claim, the court "looks

24 through" the summary disposition to the last reasoned decision.  <u>Shackleford v. Hubbard</u>, 234

25 F.3d 1072, 1079 n.2 (9th Cir. 2000)

26 ////

III.  Discussion

        A.  Claim One: Alleged Breach of Plea Agreement

        Petitioner contends that use of his 1992 robbery conviction to enhance his sentence breached the terms of his 1992 plea agreement.  Pursuant to the Three Strikes Law, petitioner's prior 1992 robbery conviction was used to double the base terms for his convictions for possession of a controlled substance.  (Reporter's Transcript ("RT"), at 93-95.)

        Petitioner argues that in 1994, California Penal Code § 667 was amended to permit doubling of the base sentence based on a prior conviction.  Petitioner argues that doubling his base terms in 2006 based on a law that was not in effect when he plead guilty to the prior conviction in 1992 violated the terms of the 1992 plea agreement.  The Sacramento County Superior Court rejected this claim in an order denying petitioner's habeas corpus petition:

> Petitioner argues that the plea agreement in his 1992 conviction for robbery included a promise that if he re-offended, he would only receive a one-year or a five-year enhancement for the prior conviction.  Petitioner has not attached any documents to support this claim.  On August 18, 1992, petitioner plead guilty to first degree robbery.  There is no evidence in the petition or in the court file that any promises were made to petitioner regarding future use of the conviction for sentencing purposes.  In addition, as decided in Gipson, using petitioner's 1992 conviction to enhance the sentence in his 2005 case does not violate the plea bargain of the earlier case.

(Respondent's Lodged Document 8, Appendix D.)

        A criminal defendant has a due process right to enforce the terms of his plea agreement.  Santobello v. New York, 404 U.S. 257, 261-62 (1971).  The party asserting the breach bears the burden of proving the underlying facts establishing a breach.  United States v. Laday, 56 F.3d 24, 26 (5th Cir. 1995); United States v. Packwood, 848 F.2d 1009, 1011 (9th Cir. 1988).

        To determine if a plea agreement has been breached, courts look to state contract law and consider what was reasonably understood by the defendant when he entered his plea of guilty.  See Davis v. Woodford, 446 F.3d 957, 962 (9th Cir. 2006); Gunn v. Ignacio, 263 F.3d

4

965, 970 (9th Cir. 2001).  In California, contracts (including plea bargains) are deemed to incorporate and contemplate not only the existing law, but the reserve power of the state to amend the law or enact additional laws.  Davis, 446 F.3d at 962 (citing People v. Gipson, 117 Cal.App.4th 1065, 12 Cal.Rptr.3d 478 (2004)).

Petitioner has failed to establish a breach of the 1992 plea agreement.  Petitioner does not demonstrate that the 1992 plea agreement contained terms that petitioner would not be subject to future California sentencing laws as amended, or that such laws would not be changed. Attached to the petition is a copy of the transcript from petitioner's 1992 change of plea hearing. This transcript does not contain any evidence in support of petitioner's claim.  Similarly, petitioner does not allege that the prosecutor failed to abide by any express term in that agreement which effectively provided either of the same protections.  Petitioner's belief that only 1992 sentencing provisions would govern future enhancements based on his prior conviction does not constitute a term of the 1992 plea agreement, and thus the use of his 1992 conviction to enhance his 2006 sentence in the instant case, does not constitute a breach of the 1992 plea agreement.  See Owens v. Lamarque, 2010 WL 2557552 (C.D. 2010) (same).  In this case, petitioner fails to demonstrate that the use of his 1992 conviction as a strike to enhance his 2006 sentence constituted a breach of the 1992 plea agreement or otherwise deprived him of due process.

Petitioner may also be raising an Ex Post Facto claim regarding use of the 1992 conviction to enhance his 2006 conviction based on the Three Strikes Law.

Under well settled Supreme Court law, the constitution forbids states to enact any law "which imposes a punishment for an act which was not punishable at the time it was committed[,] or imposes additional punishment to that then prescribed."  Weaver v. Graham, 450 U.S. 24, 28 (1981) (quoting Cummings v. Missouri, 4 Wall. 277, 325-26, 18 L.Ed. 356 (1867)). However, the ex post facto prohibition does not preclude states from enacting recidivist statutes which enhance a criminal sentence based on prior criminal convictions if those statutes were in

1    effect when the current triggering offense was committed.  <u>Parke v. Raley</u>, 506 U.S. 20, 27

2    (1992).  This is because "a charge under a recidivism statute does not state a separate offense, but

3    goes to punishment only."  <u>Id</u>.

4             Petitioner's triggering offenses were committed in 2005 (Clerk's Transcript

5    ("CT"), at 120-21), eleven  years after the Three Strikes Law was enacted.  Thus, petitioner had

6    ample warning that his 1992 robbery conviction could be used as a "strike" to increase the

7    sentence for any subsequent felony.  Therefore, enhancement of his sentence by reason of the

8    prior conviction and operation of the Three Strikes law was neither unexpected nor

9    unconstitutional.  <u>See</u> <u>Parke</u>, 506 U.S. at 27 ("[W]e have repeatedly upheld recidivism statutes

10   against contentions that they violate constitutional strictures dealing with double jeopardy, ex

11   post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and

12   immunities." (internal quotation marks and citations omitted)).

13            For the reasons discussed above, petitioner's claim challenging use of his 1992

14   conviction to enhance his 2006 sentence is without merit.  After conducting an AEDPA review,

15   the undersigned denies claim one.

16            B.  <u>Claim Two: Alleged Ineffective Assistance of Counsel</u>

17            *Legal Standard*

18            The test for demonstrating ineffective assistance of counsel is set forth in

19   <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  First, a petitioner must show that, considering

20   all the circumstances, counsel's performance fell below an objective standard of reasonableness.

21   <u>Id</u>. at 688.  To this end, the petitioner must identify the acts or omissions that are alleged not to

22   have been the result of reasonable professional judgment.  <u>Id</u>. at 690.  The federal court must then

23   determine whether in light of all the circumstances, the identified acts or omissions were outside

24   the wide range of professional competent assistance.  <u>Id</u>.  "We strongly presume that counsel's

25   conduct was within the wide range of reasonable assistance, and that he exercised acceptable

26   professional judgment in all significant decisions made."  <u>Hughes v. Borg</u>, 898 F.2d 695, 702

                                                  6

1    (9th Cir. 1990) (citing Strickland, 466 U.S. at 689).

2            Second, a petitioner must affirmatively prove prejudice.  Strickland, 466 U.S. at

3    693.  Prejudice is found where "there is a reasonable probability that, but for counsel's

4    unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A

5    reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.

6            In extraordinary cases, ineffective assistance of counsel claims are evaluated

7    based on a fundamental fairness standard.  Williams v. Taylor, 529 U.S. 362, 391-93 (2000)

8    (citing Lockhart v. Fretwell, 506 U.S. 364 (1993)).

9            The Supreme Court has emphasized the importance of giving deference

10   to trial counsel's decisions, especially in the AEDPA context:

> In Strickland we said that "[j]udicial scrutiny of a counsel's
> performance must be highly deferential" and that "every effort
> [must] be made to eliminate the distorting effects of hindsight, to
> reconstruct the circumstances of counsel's challenged conduct, and
> to evaluate the conduct from counsel's perspective at the time."
> 466 U.S. at 689.  Thus, even when a court is presented with an
> ineffective-assistance claim not subject to § 2254(d)(1) deference,
> a [petitioner] must overcome the "presumption that, under the
> circumstances, the challenged action 'might be considered sound
> trial strategy.'"  Ibid. (quoting Michel v. Louisiana, 350 U.S. 91,
> 101 (1955)).
>
> For [petitioner] to succeed, however, he must do more than show
> that he would have satisfied Strickland's test if his claim were
> being analyzed in the first instance, because under § 2254(d)(1), it
> is not enough to convince a federal habeas court that, in its
> independent judgment, the state-court decision applied Strickland
> incorrectly.  See Williams, supra, at 411.[1]  Rather, he must show
> that the [ ]Court of Appeals applied Strickland to the facts of his
> case in an objectively unreasonable manner.

22   Bell v. Cone, 535 U.S. 685, 698-99 (2002).

23           *Analysis*

24           Petitioner alleges that his trial counsel was ineffective for failing to argue at

25   ───────────────────

26           [1]  This internal citation should be corrected to Williams v. Kaiser, 323 U.S. 471, 477
     (1945).

1   sentencing in 2006 that use of the 1992 conviction to enhance his sentence breached the 1992

2   plea agreement.  As discussed above, petitioner has not demonstrated that the 1992 plea

3   agreement contained terms that petitioner would not be subject to future California sentencing

4   laws as amended, or that such laws would not be changed.  Nor has petitioner demonstrated that

5   the prosecutor failed to abide by any express term in that agreement which effectively provided

6   either of the same protections.  Petitioner has also failed to demonstrate a violation of the Ex Post

7   Facto clause.  For these reasons, trial counsel was not unreasonable for failing to challenge use of

8   the 1992 conviction to enhance petitioner's 2006 sentence on these grounds.  Accordingly,

9   petitioner's claim of ineffective assistance of counsel is without merit.  After conducting an

10  AEDPA review, the undersigned denies claim two.

11              C.  Claim Three: Alleged Ineffective Assistance of Appellate Counsel

12              A claim of ineffective assistance of appellate counsel uses the same Strickland

13  standard that is applied to trial counsel.  Smith v. Robbins, 528 U.S. 259, 287 (2000).

14              Petitioner alleges that his appellate counsel should have raised on appeal the claim

15  that use of his 1992 conviction to enhance his 2006 sentence breached the terms of the 1992 plea

16  agreement.  As discussed above, petitioner has not demonstrated that use of the 1992 conviction

17  to enhance his sentence violated the 1992 plea agreement, nor has he demonstrated a violation of

18  the Ex Post Facto Clause.  For these reasons, the California Court of Appeal would have rejected

19  such a claim had appellate counsel raised it on appeal.  Accordingly, this claim of ineffective

20  assistance of appellate counsel is without merit.

21              After conducting an AEDPA review, the undersigned denies claim three.

22  IV.  Conclusion

23              For all of the above reasons, the undersigned recommends that petitioner's

24  application for a writ of habeas corpus be denied.  Before petitioner can appeal this decision, a

25  certificate of appealability must issue.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

26              A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

8

applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues

satisfy the required showing or must state the reasons why such a certificate should not issue.

Fed. R. App. P. 22(b).

        For the reasons discussed above, petitioner has not made a substantial showing of

the denial of a constitutional right.  Accordingly, a certificate of appealability should not issue in

this action.

        Accordingly, IT IS HEREBY ORDERED that:

        1.  Petitioner's application for a writ of habeas corpus is denied;

        2.  A certificate of appealability shall not issue in this action.

DATED:  October 21, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

me551.157